## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ENVIRONMENTAL INTEGRITY    )
PROJECT    )
One Thomas Circle, Suite 900    )
Washington, D.C. 20005    )
    )
    )
Plaintiffs,    )    No. _____
    )
v.    )
    )
EXECUTIVE OFFICE OF THE    )
PRESIDENT, OFFICE OF MANAGEMENT )
AND BUDGET, Washington, D.C. 20503    )
    )
Defendant.    )
    )
    )
    )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.    This action is premised upon violations of the Freedom of Information Act ("FOIA" or "Act").  5 U.S.C. § 552.  Defendant has failed to respond to Plaintiff's FOIA request within the timeframe mandated by the statute and has repeatedly failed to meet its own extended deadlines.

2.    On May 14, 2012 Plaintiff Environmental Integrity Project ("EIP") submitted a FOIA request to Defendant Office of Management and Budget ("OMB") for a copy of Office of Information and Regulatory Affairs ("OIRA") former Administrator Cass Sunstein's official appointment calendar, beginning in January 2011, and specifically excluded records of personal engagements.  Despite Plaintiff's repeated inquiries, Defendant has failed to provide the

documents requested within 30 days[1] as required by the Act, or to meet any of the extended

deadlines proposed by OMB in the alternative.

      3.      This delay is unreasonable in light of the fact that EIP requests only a copy of

former Administrator Sunstein's calendar; rather than memoranda or documents used as part of

the agency's deliberative process.

      4.      We have also repeatedly asked OMB to provide us with a partial response, so that

we can begin our review while OMB evaluates any unusually complicated aspects of our request.

OMB has refused Plaintiff's request.

      5.      Plaintiff requests these files as part of its analysis of the role that OMB has played

in the EPA rulemaking process, and to evaluate that Agency's compliance with Executive Order

("EO") 12,866.  Among other objectives, Executive Order 12,866  was established:

- to restore integrity and legitimacy of regulatory review and oversight; and

- to make the process more accessible and open to the public." 58 Fed. Reg.
  51,735 (Oct. 4, 1993).

      6.      An important aspect of EIP's mission is to advocate for regulation that is

protective of human health and the environment. As one method to advance this mission, EIP

investigates the often disproportionate role industry plays behind the scenes of the public rule-

making process. The response to this FOIA request will provide critical information that EIP

will use in its research and outreach efforts.

      7.      OMB's disregard of its duty to release the documents requested has harmed,

and will continue to harm, Plaintiff. The failure to timely disclose records impairs Plaintiff's

ability to ensure that EPA rulemakings are open and transparent and comply with the law, and

---

[1] Agencies must respond to FOIA requests within 20 working days.  5 U.S.C. § 552 (a)(6)(A)(i).  In unusual circumstances, the agency may invoke a 10-day extension.  5 U.S.C. § 552 (a)(6)(B)(i).  Therefore, 30 working days is the maximum amount of time an agency has, under the law, to respond to a FOIA request.

that regulations promulgated by EPA protect public health and the environment.  Thus, it is imperative that these documents be released quickly and efficiently.

8.      Plaintiff files this complaint for declaratory and injunctive relief against OMB for OMB's failure to timely respond to Plaintiff's FOIA request as required by law.

**JURISDICTION**

9.      This action arises under the citizen suit provision of the Freedom of Information Act.  5 U.S.C. § 552 (a)(4)(B).

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.     This Court is a proper venue for all FOIA actions.  5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

12.     FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

13.     This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14.     Plaintiff Environmental Integrity Project ("EIP") is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws.  The Environmental Integrity Project's three objectives are: to provide objective analysis of how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws.

15.     Since 2002, EIP has focused on pollution generated by coal-fired power plants and other large sources of air and water pollution.  As part of its efforts to ensure effective enforcement of environmental laws, EIP participates in permit proceedings for large sources of pollution, collects and analyzes pollution data, publishes reports, testifies before state and regulatory bodies, and participates in federal rulemakings pertaining to coal-fired power plants and other large sources of air and water pollution.

16.     Defendant OMB is a government agency that is charged with "the implementation and enforcement . . . of Presidential policy government-wide."  Its chief responsibilities are: (1) budget development; (2) oversight of agency performance; (3) coordination of inter-agency review; (4) legislative clearance and coordination; and (5) review of presidential executive orders and memoranda.

## LEGAL BACKGROUND

17.     "In our democracy, the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression of a profound national

4

commitment to ensuring an open Government." Freedom of Information Act: Memorandum

for the Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 26, 2009).

"Timely disclosure of information is an essential component of transparency." Memorandum

from Attorney General Eric Holder, to Heads of Executive Departments and Agencies, The

Freedom of Information Act (FOIA) (Mar. 19, 2009).

18.     Specifically, the Freedom of Information Act requires that an agency "shall

determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to

comply with such request and shall immediately notify the person making such request of such

determination and the reasons therefore . . . ." 5 U.S.C. § 552 (a)(6)(A)(i).  In "unusual

circumstances" the time limits may be extended by written notice, which must include "the date

on which a determination is expected to be dispatched."  5 U.S.C. § 552 (a)(6)(B)(i). This date

may not "specify a date that would result in an extension for more than ten working days" unless

defendant invokes a narrow exception, wherein the agency reasonably asks the requester to

narrow the scope of their inquiry.  *Id.*  Thus, the statute mandates that an agency shall respond

with a determination no more than 30 working days of receiving a FOIA request.

19.     The Freedom of Information Act provides that "[a]ny person making a request to

any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have

exhausted his administrative remedies with respect to such request if the agency fails to comply

with the applicable time limit provisions . . . ."  5 U.S.C. § 552 (6)(C)(i).

**FACTUAL BACKGROUND**

20.     A significant component of Plaintiff's mission is to hold federal agencies

accountable for compliance with environmental laws and provide objective analysis of how the

failure to comply with environmental laws increases pollution and affects the public's health.

Pursuant to this mission, Plaintiff collaborates with local, state, regional, and national stakeholder groups to provide legal and technical comments on EPA rulemakings and the need for regulation where existing rules are inadequate.

21.     By certified letter posted May 14, 2012 and email, Plaintiff submitted a request for documents pursuant to the Freedom of Information Act.  5 U.S.C. § 552; Ex. A.

22.     Specifically, Plaintiff's FOIA request to OMB requested a copy of (then current) OIRA Administrator Cass Sunstein's appointment calendar beginning January 2011. The request specifically excluded records of personal engagements.

23.     In a written letter dated May 14, 2012, Defendant acknowledged that it received Plaintiff's FOIA request on that date.  Ex. B.  Also in this letter, Defendant assigned Plaintiff's request the OMB FOIA identification number 12-114.  *Id.*  The Defendant did not identify a specific date on which it would respond or request that the Plaintiff narrow the scope of its request.  *Id.*

24.     On June 12, 2012, Plaintiff spoke with OMB FOIA officer to request a status update. OMB advised that it had issued a letter imposing a 10-day extension[2] and estimated that response would be available by June 29, 2012, and acknowledged that this date was beyond the date which would have been required under the Act.

25.     On July 23, 2012 Plaintiff called OMB to inquire about the status of response. The FOIA Officer said that OMB was "working on it," but could not provide an estimate of when the response would be ready.

26.     On August 1, 2012 Plaintiff left a message on the OMB FOIA office voice mail inquiring about the status of a response.

---

[2] Letter was later received by EIP. Ex. C.

27.     On August 9, 2012 OMB FOIA Attorney called EIP to explain that they were examining more than 400 pages of responsive information and estimated a response date of August 24, 2012.  EIP requested partial release of documents, which OMB declined to provide.

28.     On August 19, OMB FOIA Attorney wrote to confirm that OMB was on schedule to release documents by August 24, 2012.

29.     On August 22, 2012, OMB FOIA Attorney wrote to advise that response would be delayed until August 29, 2012.

30.     On August 30, 2012, OMB FOIA Attorney wrote to acknowledge lateness of response.

31.     On September 4, 2012 EIP wrote to OMB FOIA Attorney requesting immediate release of documents requested.  EIP reiterated its request for a partial response as a temporary remedy.

32.     On September 11, 2012 OMB FOIA Attorney advised EIP that progress was being made and that he estimated a release date of September 14, 2012. As of the date of filing, OMB has not provided the requested documents or a current estimate of when it will provide a response to Plaintiff.

33.     As of the date of this complaint, more than 30 working days have elapsed since the date Defendant acknowledged that it received Plaintiff's FOIA request.

34.     As of the date of this complaint, OMB has failed to comply with three self-imposed deadlines which were set well after the statutory deadline.

35.     As of the date of this response, OMB has identified that it has located more than 400 pages of responsive documents, but has failed to provide a single page to Plaintiff.

## CAUSES OF ACTION

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 35.

37.     Count 1: Plaintiff has a statutory right to have OMB process their FOIA request within the timeframes mandated by the Act.

38.     Defendant's failure to timely respond to Plaintiff's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . .after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ."  5 U.S.C. § 552 (a)(6)(A)(i).

39.     Because more than 30 days have passed since Plaintiff filed their FOIA request and Defendant has not yet responded, this case is ripe for adjudication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

40.     Declare Defendant's failure to timely respond to Plaintiff's FOIA request to be unlawful under the Freedom of Information Act, 5 U.S.C. § 552 (a)(6)(A)-(B).

41.     Order Defendant OMB to immediately provide Plaintiff with all of the documents identified in Plaintiff's FOIA request.

42.     Award Plaintiff their costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

43.     Retain jurisdiction to ensure compliance with its decree.

44.     Grant such other relief as the Court deems just and proper.



DATED:     September 21, 2012



Respectfully submitted,



_/s Jennifer S. Peterson_____          /s Alayne Gobeille_____
Jennifer S. Peterson, D.C. Bar. No. 978352          Alayne Gobeille, LA Bar No. 33856*
Environmental Integrity Project                     Environmental Integrity Project
One Thomas Circle, Suite 900                        One Thomas Circle, Suite 900
Washington, DC  20005                               Washington, DC 20005
(202) 263-4449                                      (202) 263-4454
jpeterson@environmentalintegrity.org               agobeille@environmentalintegrity.org



**\***Application for admission *pro hac vice* pending.



*Attorneys for Environmental Integrity Project*

EXHIBIT A



1 Thomas Circle, Suite 900
Washington, DC, 20005
p: 202-296-8800   f: 202-296-8822
www.environmentalintegrity.org

May 14, 2012

Dionne Hardy
OMB FOIA Officer
725 17th Street, NW
Room 9026
Washington, D.C. 20503
OMBFOIA@omb.eop.gov
*Sent via Email and Certified Mail No. 7012 0470 000201870 8186*

Dear Ms. Hardy:

This is a request for information pursuant to the Freedom of Information Act. 5 U.S.C. § 552. I am making this request on behalf of Environmental Integrity Project, a public interest group. This request is not for commercial use. Please notify me if the fees will exceed $25.00.

**Records Requested**
We are requesting a copy of OIRA Administrator Cass Sunstein's appointment calendar beginning January 1, 2011 through the present day. We do not seek records of appointments of solely personal engagements.

If this information is available in online dockets, we request that OMB provide docket identification numbers, in lieu of electronic or paper copies.

It is vital that the Administrator's official calendar be available to the public to ensure that the regulatory process is based on "the open exchange of information and perspectives." Improving Regulation and Regulatory Review, Exec. Order 13,563 (2)(a), 76 Fed. Reg. 3,821 (Jan. 21, 2011). Administrator Sunstein himself advised that such an "open exchange" should "increase participation in the regulatory process by allowing interested parties the opportunity to react to (and benefit from) the comments, arguments, and information of others provided during the rulemaking process itself." CASS SUNSTEIN, OFFICE OF INFORMATION AND REGULATORY AFFAIRS, EXECUTIVE OFFICE OF THE PRESIDENT, M-11-28, MEMORANDUM FOR THE HEADS OF REGULATORY AGENCIES (Jul. 22, 2011). Records of discussions intended to influence the rule-making process must be made available to the public to fulfill this mission.

**Claims of Exemption from Disclosure**

If you regard any documents as exempt from required disclosure under the Freedom of Information Act, please exercise your discretion to disclose them nevertheless, keeping in mind that FOIA "is the most prominent expression of a profound national commitment to ensuring an open Government" and that "[a]ll agencies should adopt a presumption in favor of disclosure." Memorandum For the Heads of Executive Departments and Agencies: Freedom of Information Act, 74 Fed. Reg. 4,683 (Jan. 26, 2009).

In the alternative, after careful review for the purpose of determining whether any of the information is exempt from disclosure, please provide all reasonably non-exempt portions of records and communications. FOIA requires the release of all reasonably segregable portions of records.

Should you elect to invoke an exemption, please provide the required full or partial denial letter and sufficient information to appeal the denial. In accordance with the minimum requirements and regulations of due process, this information should include:

1. Basic factual material, including the originator, date, length, and addresses of the withheld items.
2. Explanations and justifications for denial, including the identification of the exemption applicable to the withheld information or portions of the information found to be subject to exemption, and how each exemption applies to the withheld material.

Thank you for your prompt attention to this matter. Should you need further information concerning this request, please do not hesitate to contact me. I look forward to your timely response.

Sincerely,

Alayne Gobeille
Legal Fellow
(202) 263-4454
agobeille@environmentalintegrity.org

# EXHIBIT B



EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

May 14, 2012

Ms. Alayne Gobeille
Coal Ash Legal Fellow
Environmental Integrity Project
One Thomas Circle, Suite 900
Washington, DC 20005

Dear Ms. Gobeille:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB) dated and received in OMB's FOIA office on May 14, 2012. Your request has been logged in and is being processed. For your reference, the OMB FOIA number is 12-114.

If you have any questions, please feel free to contact me at 202-395-3642.

Sincerely,

Dionne Hardy
FOIA Officer

# EXHIBIT C



EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

June 11, 2012

Ms. Alayne Gobeille
Coal Ash Legal Fellow
Environmental Integrity Project
One Thomas Circle, Suite 900
Washington, DC 20005

Dear Ms. Gobeille:

Due to unusual circumstances, an extension of up to 10 working days will be necessary to process your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB), which was received in this office on May 14, 2012. This additional time is required because, in order to respond to your request, there is a need for consultation with other components within OMB regarding documents responsive to your request. The authority for this extension can be found in 5 U.S.C. 552(a)(6)(B).

Sincerely,

Dionne Hardy
FOIA Officer